UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MOTOWN RECORD COMPANY, LP, ET AL.** | **CIVIL ACTION NO. 07-0123** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHARENA MURRAY** | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM RULING

Before the Court is an Application for Entry of Default Judgment by the Court [Doc. No. 9] filed by Plaintiffs Motown Record Company, LP; UMG Recordings, Inc.; Sony BMG Music Entertainment; and Arista Records, LLC, against Defendant Sharena Murray. Plaintiffs claim that Defendant, without their permission or consent, has acquired and distributed 11 copyrighted sound recordings in violation of the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiffs move for a default judgment against Defendant for copyright infringement. Plaintiffs also seek the following relief provided by the Copyright Act: statutory damages for each infringed work in the amount of $8,250.00, costs in the amount of $420.00, and permanent injunctive relief.

For the following reasons, Plaintiffs' Application for Entry of Default Judgment by the Court is GRANTED.

**I.    LAW AND ANALYSIS**

    **A.    Default Judgment**

Federal Rule of Civil Procedure 55(a) provides that a Court may enter a default against a Party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. Rule 55(b)(2) includes a

notice requirement for a party who has appeared in the case: "[i]f the party against whom judgment by default is sought has appeared in the action, the party. . . shall be served with written notice of the application at least 3 days prior to the hearing on such application." Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 937 (5th Cir. 1999) (quoting Fed. R. Civ. P. 55. Rule 55(b)(2)).

Defendant has failed to file an answer within the requisite time period.[1] Assuming arguendo that Defendant's Motion for Extension [Doc. No. 6] constitutes an "appearance" within the meaning of Rule 55(b)(2)[2], Plaintiffs provided notice of the pending default judgment by mailing a copy of their Application to Defendant's last known address on May 9th, 2007. [Doc. No. 9-1, p. 2]. As of the date of this Memorandum Ruling and Judgment, Defendant has had sufficient notice of the possibility that a default judgment would be entered against her. Accordingly, the Court finds that Defendant is in default under Rule 55(a) for failure to defend and is liable to Plaintiffs for 11 acts of copyright infringement.

B.    **Statutory Damages**

Under § 504(c)(1), the copyright owner may elect to recover statutory damages ranging from $750 to $30,000 per work infringed instead of actual damages. 17 U.S.C. § 504(c)(1). Plaintiffs

---

[1] Plaintiffs filed their Complaint [Doc. No. 1] on January 23, 2007, and perfected service on Defendant on February 20, 2007 [Doc. No. 5]. Defendant was initially required to answer by March 12, 2007, but obtained an extension until April 12, 2007. The Clerk of Court entered a default against Defendant on April 19, 2007 [Doc. No. 8].

[2] Plaintiffs contend that Defendant has not appeared in this action. The Fifth Circuit applies "an expansive view as to what constitutes an appearance under Rule 55(b)(2)." Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999). "[T]o qualify as an appearance and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must 'be responsive to the plaintiff's formal Court action.'" Id. at 937 (quoting Baez v. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975)).

have elected statutory damages and request $750 per work infringed. By her default, Defendant has admitted that she is liable for 11 acts of copyright infringement [Doc. No. 1-1, ¶ 12; Exh. A]. See Jackson v. FIE Corp., 302 F.3d 515, 525 (5th Cir. 2002) (citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Therefore, the Court finds that Plaintiffs have established a basis for the requested statutory damages of $750 per work infringed, and Plaintiffs are awarded a total of $8,250.00 in statutory damages against Defendant.

    **C.**    **Costs**

Plaintiffs ask for costs pursuant to 17 U.S.C. § 505. Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Plaintiffs' Counsel, Cuong M. Le, declared that Plaintiffs have incurred costs in this case in the amount of $420.00. [Doc. No. 9-3]. The Court finds that the costs incurred are reasonable under the circumstances of this case, and Plaintiffs are awarded $420.00 in costs against Defendant.

    **D.**    **Permanent Injunction**

In addition to statutory damages and costs, Plaintiffs ask the Court to enter a permanent injunction against Defendant. Under § 502(a), a court may grant a permanent injunction on terms it finds reasonable to prevent or restrain copyright infringement. 17 U.S.C. § 502(a). To obtain a permanent injunction, a party must demonstrate: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest. See DSC Comms. Corp. v. DGI Tech., Inc., 81 F.3d 597, 600 (5th Cir. 1996).

In this case, Plaintiffs have succeeded on the merits by obtaining a default judgment against Defendant. See, e.g., Sony Music Entertainment, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345,

1347 (S.D. Fla. 1999). Moreover, Plaintiffs have no adequate remedy at law because Plaintiffs' injury cannot be fully compensated or measured in money. See, e.g., Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1414 (S.D. Fla. 2003). Without an injunction, Plaintiffs' copyrighted recordings, past and future, would remain vulnerable to continued infringement by Defendant. Id. No burden is imposed on Defendant by an injunction to refrain from further infringements because she is merely required to comply with the law. Further, the public interest is served by upholding copyright protections. See, e.g., Playboy Enterprises, Inc. v. Webbworld, Inc., 991 F.Supp. 543, 561 (N.D. Tex. 1997), aff'd, 168 F.3d 486 (5th Cir. 1999) (the public interest is served by requiring continuing strict adherence to intellectual property law).

Accordingly, the Court finds that Plaintiffs are entitled to a permanent injunction enjoining Defendant from infringing on Plaintiffs' copyrighted sound recordings, whether now in existence or later created, and requiring her to destroy all unauthorized copies. See Arista Records, Inc., 298 F. Supp. 2d at 1315 ("Because Plaintiffs continually create new works- works that would be vulnerable to infringement if the injunction were limited to existing works, and that would require new litigation to redress each future infringement- the requested injunction follows standard practice in copyright cases by covering works to be created in the future."); see also 17 U.S.C. § 503(b) ("As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights . . . .").

Defendant is permanently ENJOINED from directly or indirectly infringing on Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

"On Bended Knee," on album "II," by artist "Boyz II Men" (SR# 196-004);

4

"My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220);

"Come and Talk to Me," on album "Forever My Lady," by artist "Jodeci" (SR# 129-912);

"Around The Way Girl," on album "Mama Said Knock You Out," by artist "LL Cool J" (SR# 123-555);

"Sweet Thing," on album "What's the 411?," by artist "Mary J. Blige" (SR# 149-212);

"She Can't Love You," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);

"I Don't Wanna Cry," on album "Mariah Carey," by artist "Mariah Carey" (SR# 118-408);

"Un-Break My Heart," on album "Secrets," by artist "Toni Braxton" (SR# 233-892);

"Spanish Guitar," on album "The Heat," by artist "Toni Braxton" (SR# 287-194);

"How Deep Is Your Love," on album "Enter the Dru," by artist "Dru Hill" (SR# 290-402); and

"Breathe Again," on album "Toni Braxton," by artist "Toni Braxton" (SR# 208-619).

Defendant is also permanently ENJOINED from directly or indirectly infringing on Plaintiffs' rights under federal or state law in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant SHALL also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and destroy all copies of those downloaded recordings transferred onto any physical medium or device in

Defendant's possession, custody, or control.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Entry of Default Judgment by the Court [Doc. No. 9] is GRANTED. Judgment is entered in favor of Plaintiffs and against Defendant for 11 acts of copyright infringement under the Copyright Act. Plaintiffs are awarded statutory damages in the amount of $8,250.00 and costs in the amount of $420.00, for a total damages and cost award of $8,670.00 against Defendant. Defendant is permanently ENJOINED from infringing on sound recordings owned by Plaintiffs as previously set forth.

MONROE, LOUISIANA, this 21st day of May, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE